UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DORIS COSTANZO, DONNA CHESTNUT, and CATHERINE A. BUTLER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Case No. 2:17-cv-01739-APG-PAL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>(ECF No. 10) |

Candy Lee Mayden had insurance coverage through defendant National Union Fire Insurance Company. After her death, plaintiffs Doris Costanzo (Mayden's mother and co-personal representative of Mayden's estate), Donna Chestnut (Mayden's husband's mother), and Catherine Butler (co-personal representative of Mayden's estate) filed a claim with National Union. They believe National Union wrongfully denied their claim.

National Union moves to dismiss because it contends that the complaint is untimely. The plaintiffs argue that National Union is estopped from asserting a time-bar because of its conduct during the claim appeals process. Because the plaintiffs have not alleged sufficient facts to show an estoppel theory, I grant National Union's motion to dismiss with leave to amend.

**I.     Background**

Mayden was insured under two National Union group accident policies.[1] Costanzo and Mayden's now-deceased husband were the beneficiaries.[2] These policies provide benefits for an accidental death.[3] However, this coverage does not extend to a death caused by narcotic

---

[1] ECF No. 1; *Id.*, Ex. 1–2.

[2] ECF No. 1, Ex. 1–2.

[3] *Id.*

intoxication involving drugs that a physician did not prescribe or advise to be taken.[4] The policy states that a party must bring any legal action within three years of when "proof of loss" is due.[5]

Mayden passed away in 2009.[6] Her death certificate states that the cause of death was hydrocodone, morphine, and temazepam intoxication.[7] Written proof of loss was due to National Union within 90 days of death, or by June 19, 2009.[8]

The plaintiffs submitted a claim to National Union about six months after Mayden's death.[9] A year later, National Union sent a letter denying benefits.[10] It concluded that Mayden died because of narcotic use that a physician did not prescribe or advise.[11] National Union stated that it would "appreciate" an appeal within 90 days.[12]

In 2011, the plaintiffs' attorney wrote to National Union stating that all of Mayden's medications were prescribed by a physician.[13] National Union's examiner then requested medical records from the attorney.[14] One year later, National Union reached out to the plaintiffs' attorney.[15] It is unclear what National Union said, however, because the letter is not attached to the complaint. But the plaintiffs' attorney responded that he would try to comply with a February 29, 2012 deadline.[16] The plaintiffs' attorney also argued that National Union's denial was improper because National Union had no medical records on which to base its decision.[17] The

---

[4] *Id.*
[5] *Id.*
[6] ECF No. 1.
[7] ECF No. 1, Ex. 3.
[8] ECF No. 10 at 7.
[9] ECF No. 1, Ex. 4.
[10] ECF No. 1, Ex. 5.
[11] *Id.*
[12] *Id.*
[13] ECF No. 1, Ex. 11 at 2–3.
[14] *Id.* at 3.
[15] ECF No. 1, Ex. 6.
[16] *Id.*
[17] *Id.*

plaintiffs' attorney stated that he had been trying to obtain the medical records for the past year to forward to National Union in support of the appeal.[18] He also requested additional time for the appeal.[19]

A year later, the plaintiffs' attorney offered to settle, asked National Union to reverse its benefits denial, and sent Mayden's medical records to National Union.[20] One month later, National Union sent an updated toxicology expert report on Mayden's death.[21] The expert stated that Mayden had died due to narcotics that a physician did not prescribe or advise to be taken.[22]

Three years later, the plaintiffs sent National Union their expert's review of Mayden's death.[23] The report said that Mayden's physician had prescribed the drugs that were in her system when she died and the expert attached other medical records for National Union to consider.[24] In February 2017, National Union sent the plaintiffs a letter denying benefits, after reviewing all of the new information that the plaintiffs sent for their appeal through 2016.[25] National Union stated that this was a "final administration plan decision."[26]

The plaintiffs sued National Union four months later under the Employee Retirement Income Security Act (ERISA). They allege that National Union wrongfully denied their benefits claim. National Union moves to dismiss on the grounds that the plaintiffs' complaint is time-barred by the policy contract terms or, alternatively, by the Nevada statute of limitations.

---

[18] *Id.*
[19] *Id.*
[20] ECF No. 1, Ex. 7.
[21] ECF No. 1, Ex. 8.
[22] *Id.*
[23] ECF No. 1, Ex. 9.
[24] *Id.*
[25] ECF No. 1, Ex. 11.
[26] *Id.*

National Union argues that the plaintiffs should have sued by 2012. The plaintiffs counter that National Union is estopped from asserting a time-bar defense.[27]

## II.     Discussion

When deciding a motion to dismiss, I must view the facts in the complaint as true and in a light most favorable to the plaintiffs.[28] Rule 8 requires factual support amounting to more than mere labels or recitations of the claim's elements.[29] I may draw reasonable inferences from the facts in the complaint but I cannot rely on legal conclusions to find that a claim is properly pleaded.[30] I must dismiss any cause of action that does not state a plausible claim for which relief can be granted.[31]

I cannot dismiss a claim based on an affirmative defense unless the elements of the defense are clear on the face of the complaint.[32] Plaintiffs do not normally need to plead facts in the complaint to defeat an affirmative defense.[33] But when a statute of limitations issue is clear on the face of the complaint, a defendant can argue that defense in a motion to dismiss.[34] If it is clear from the complaint that the statute of limitations has passed, then I must determine whether "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[35]

---

[27] The plaintiffs also argue that any limitations period is tolled due to 29 C.F.R. § 2560.503-1(c)(3)(ii). ECF No. 13. However, this provision applies only to "group health plans" and the plan here is a "group accident policy." ECF No. 1, Ex 1–2.

[28] *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[30] *Id.*

[31] *Id.* at 679.

[32] *Rivera v. Peri & Sons Farms Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

[33] *Id.*

[34] *Id.*

[35] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045–46 (9th Cir. 2011) (quotation omitted).

Here, the complaint makes it clear that the plaintiffs sued National Union past both the contractual time limit and statutory limitation period, so I will address whether the plaintiffs have sufficiently pleaded estoppel.

Estoppel may be applied when an insurer prevents the insured from complying with a statute, and it would be inequitable to prevent the insured from bringing a claim because of the insurer's actions.[36] An insured that is asserting estoppel must show: (1) the insurer knew of the true facts, (2) the insured was unaware of the true facts, (3) the insurer acted in a way that the insured would think the insurer's conduct could be relied upon, and (3) the insured detrimentally relied on the insurer's conduct.[37] Estoppel may prevent a plan administrator from asserting a time-bar defense if the administrator causes a participant to miss a deadline.[38] This applies to both contractual and statutory limitation periods.[39]

The plaintiffs have not alleged facts in the complaint supporting equitable estoppel. The complaint does not state that the plaintiffs detrimentally relied on any of National Union's actions or that National Union caused them to miss filing suit within the three-year contractual limitation. However, it is possible that the plaintiffs could allege facts to support an equitable estoppel theory. I grant leave to amend if they can assert facts showing that National Union acted in a way, or made representations, that the plaintiffs detrimentally relied on and made them miss the contractual or statutory limitation periods.

/ / / /

/ / / /

/ / / /

/ / / /

---

[36] *See LaMantia v. Voluntary Plan Adm'rs, Inc.*, 401 F.3d 1114, 1119–21 (9th Cir. 2005) (holding that because the administrator told the insured that the appeal would be pending until all of the medical records were received, the plan was estopped from asserting a time-bar defense).

[37] *Id.*; *Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1209 (Nev. 2015) (en banc).

[38] *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 615 (2013).

[39] *LaMantia*, 401 F.3d at 1119.

### III. Conclusion

IT IS THEREFORE ORDERED that the defendant's motion to dismiss **(ECF No. 10) is GRANTED**. The plaintiffs may file an amended complaint within 20 days of entry of this order.

DATED this 20th day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE